IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM TOWNSEND,

      Plaintiff,                  No. CIV S-09-2342 KJM P

  vs.

D.K. SISTO, et al.,

      Defendants.          <u>ORDER</u>

                             /

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. By order filed January 6, 2010, plaintiff's complaint was dismissed with leave to file an amended complaint. Plaintiff has now filed an amended complaint.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

/////

1

1       A claim is legally frivolous when it lacks an arguable basis either in law or in
2  fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-
3  28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
4  indisputably meritless legal theory or where the factual contentions are clearly baseless.
5  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however
6  inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d
7  639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

8       In order to avoid dismissal for failure to state a claim a complaint must contain
9  more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements
10 of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  In other
11 words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
12 statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a
13 claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.
14 "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to
15 draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129
16 S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be
17 granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200
18 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v.
19 Rhodes, 416 U.S. 232, 236 (1974).

20      In the first screening order, the court directed plaintiff to file a complaint no
21 longer than twenty pages.  The instant complaint is fourteen pages long, but is supported by 127
22 pages of exhibits.  The complaint consists of stream-of-consciousness accounts of injury and
23 surgery, with very little attempt to connect a December 2006 fall in the shower with the series of
24 surgeries plaintiff has undergone.   In addition, there is little attempt to demonstrate that any of
25 the named defendants knew of dangerous conditions in the shower or that plaintiff's fall had
26 anything to do with the surgeries.

The court finds the allegations in plaintiff's amended complaint so vague and conclusory that it fails to state a claim upon which relief can be granted. Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Plaintiff's amended complaint must be dismissed. The court will, however, grant leave to file a second amended complaint **limited to twenty pages, including exhibits**.

If plaintiff chooses to file a second amended complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the second amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files a second amended complaint, the original pleading no longer serves any function in the case. Therefore, in a second amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

1    Plaintiff has requested the appointment of counsel.  The United States Supreme
2 Court has ruled that district courts lack authority to require counsel to represent indigent
3 prisoners in § 1983 cases.  <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989).  In
4 certain exceptional circumstances, the court may request the voluntary assistance of counsel
5 pursuant to 28 U.S.C. § 1915(e)(1).  <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991);
6 <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the court
7 does not find the required exceptional circumstances.  Therefore, plaintiff's request for the
8 appointment of counsel is denied.
9    In accordance with the above, IT IS HEREBY ORDERED that:
10   1.  Plaintiff's amended complaint is dismissed;
11   2.  Plaintiff is granted thirty days from the date of service of this order to file a
12 second amended complaint that complies with the requirements of the Civil Rights Act, the
13 Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended
14 complaint must bear the docket number assigned this case and must be labeled "Second
15 Amended Complaint"; the second amended complaint must be no longer than twenty pages
16 including exhibits; failure to file a second amended complaint in accordance with this order will
17 result in a recommendation that this action be dismissed.
18   3.  Plaintiff's request for the appointment of counsel (Docket No. 15) is denied.
19 DATED: May 3, 2010.

_____
U.S. MAGISTRATE JUDGE

2
town2342.14amd

4