IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

W.M. TOWNSEND, Jr.

    Plaintiff,                    No. CIV S-09-2342 KJM P

    vs.

D.K. SISTO, et al.,

    Defendants.             ORDER

_____/

        Plaintiff is a state prison inmate proceeding pro se with a civil rights action. He has consented to magistrate judge jurisdiction. His prior two complaints have been dismissed and he has now filed a second amended complaint.[1]

        As previously noted, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from

---

[1] After the second amended complaint was docketed, the court issued an order dismissing the "amended complaint" with leave to amend. Upon review of the docket and review of the second amended complaint, that order was issued in error. By this order, it will be vacated.

1

such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Plaintiff alleges that the defendants – the warden, associate warden, chief engineer and plant operator -- knew or should have known that the showers at California State Prison required routine maintenance and repair; that they did not follow their own operation plan; that the shower floors were uneven, had missing tiles, were slippery, were not equipped with mats, safety strips or handicap bars; that inmates had complained about the conditions of the showers; and that, as a result, plaintiff fell and his shoulder came out of its socket.

The Eighth Amendment's prohibition on cruel and unusual punishment imposes on prison officials, among other things, a duty to "take reasonable measures to guarantee the safety of the inmates." Farmer v. Brennan, 511 U.S. 825, 832 (1991) (quoting Hudson v. Palmer,

468 U.S. 517, 526-27 (1984)).  An inmate's Eighth Amendment rights are violated by a prison official if that official exposes an inmate to a "substantial risk of serious harm," while displaying "deliberate indifference" to that risk.  Id. at 834.

The federal courts have generally held that a shower slip and fall does not state a constitutional claim, even when a prisoner suffers injuries as a result.  For example, in Reynolds v. Powell, 370 F.3d 1028 (10th Cir. 2004), the inmate, who was on crutches, repeatedly warned prison officials about the standing water outside the shower and the risk it presented to him and even asked for extra towels to clean up the water.  The court held that while this might state a negligence claim, it did not rise to the level of a condition posing a serious risk of harm.  Id. at 1031-32; see also Davis v. Reilly, 324 F.Supp.2d 361 (E.D.N.Y. 2004) (failure to provide shower mats is not a constitutional violation); Miller v. Cox, 2008 WL 2539658 (W.D. Wis. 2008) (failure to provide shower shoes does not rise to level of constitutional claim); Chamberlain v. Nielsen, 2010 WL 1002666 (E.D. Mich. 2010) (ripped shower mat is not a constitutional violation; collecting cases about shower conditions).

Because it does not appear that further amendment of the complaint can correct the deficiencies, this court dismisses the complaint without leave to amend.  Karim-Panahi v. Los Angeles Police Dept, 839 F.3d 621 623-24 (9th Cir. 1988).

IT IS THEREFORE ORDERED that:

1. The order filed on June 16, 2010 (docket no. 20) is vacated;

2. This action is dismissed; and

2. The Clerk of the Court is directed to close this case.

DATED:  June 24, 2010.

_____
U.S. MAGISTRATE JUDGE

2

town2342.57