1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    WILLIAM TOWNSEND, JR.,                    No.  2:09-cv-2342 CKD P

12              Plaintiff,

13         v.                                   ORDER

14    D.K. SISTO, et al.,

15              Defendants.

16

17         On January 24, 2014, plaintiff filed a document in which plaintiff seeks an order

18    compelling defendants to produce all documents requested by plaintiff in discovery and to re-

19    answer all of plaintiff's interrogatories.  This is not proper.  The court will order a further

20    response to a specific discovery request upon a showing that the answer provided to that request

21    was not in accord with rules related to discovery.  Plaintiff fails to show that a specific answer to

22    a specific request was improper.  Rather, he makes vague, generalized objections to all of

23    defendants' responses.  Accordingly, plaintiff's motion to compel will be denied.

24         In the same document, plaintiff asks for the appointment of counsel.  The United States

25    Supreme Court has ruled that district courts lack authority to require counsel to represent indigent

26    prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In

27    certain exceptional circumstances, the court may request the voluntary assistance of counsel

28    pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991);

                                              1

1    Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the court

2    does not find the required exceptional circumstances.  Plaintiff's request for the appointment of

3    counsel will therefore be denied.[1]

4           Plaintiff also asks that he be given the "right" to depose defendants.  The Federal Rules of

5    Civil Procedure, generally speaking, permit any party to depose the other party and a plaintiff

6    need not obtain court permission before deposing a defendant.  See Fed. R. Civ. P. 30(a)(1).

7    However, the discovery deadline has now passed and plaintiff fails to point to any good reason

8    why it should be extended on plaintiff's behalf.  To the extent plaintiff seeks an extension of the

9    discovery deadline to depose defendants, plaintiff's request is denied.

10          Finally, the record before the court shows defendants scheduled plaintiff for deposition on

11   for January 27, 2014.  However plaintiff refused to be deposed that day pending the outcome of

12   his motion to compel.  ECF No. 57 at 6-10.  Plaintiff's refusal to be deposed on that basis was not

13   proper.  Defendants are permitted to depose plaintiff under Rule 30(a)(2)(B) of the Federal Rules

14   of Civil Procedure and this court's October 22, 2013 Discovery and Scheduling Order.

15   Defendants ability to depose plaintiff is not, as plaintiff suggests, contingent upon plaintiff's

16   satisfaction with defendants' responses to plaintiff's requests for discovery.  Good cause

17   appearing, defendants may depose plaintiff within 21 days of this order.  If plaintiff refuses to be

18   deposed a second time, the court may, upon motion by defendants, impose monetary sanctions

19   against plaintiff or possibly dismiss this action.

20   /////

21   /////

22   /////

23   /////

24   /////

25   /////

26   /////

27

28

---

[1]  Alternatively, plaintiff asks that the court hire an investigator for plaintiff to assist him with
discovery.  The court does not hire investigators to assist pro se litigants with discovery.

2

Accordingly, IT IS HEREBY OREDERED that:

1.  Plaintiff's motion to compel (ECF No. 56) is denied;

2.  Plaintiff's request for the appointment of counsel is denied;

3.  Plaintiff's request that the court extend the discovery deadline so that he may depose defendants is denied; and

4.  Defendants may depose plaintiff within 21 days of this order.

Dated:  February 27, 2014

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
town2342.abs