UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM TOWNSEND, JR., | No. 2:09-cv-2342 CKD P |
| Plaintiff, | |
| v. | ORDER |
| D.K. SISTO, et al., | |
| Defendants. | |

Plaintiff has filed a motion asking that discovery be re-opened. Plaintiff's argument is premised upon the fact that he did not receive a copy of defendants' second amended answer filed October 18, 2013.[1] On October 22, 2013, the court informed plaintiff that defendants Junker, Sisto, Singh and Cherry answered and that the parties were free to engage in discovery until February 14, 2014. On November 18, 2013, plaintiff informed the court that he had not been served with a copy of the answer. In response to that filing, the court informed plaintiff that if he wished to obtain a copy of defendants' answer, he should seek one from defendants' counsel.[2]

---

[1] In defendants' second amended answer, I. Carrillo certifies that she served a copy of that document upon plaintiff.

[2] Plaintiff asserts that, at this point, he was not clear who was representing defendants Singh, Cherry and Junker. However, the certificate of service on the court's October 22, 2013 scheduling and discovery order indicated that James Walter, who had previously appeared on behalf of defendant Sisto, was now counsel for all defendants. In any case, plaintiff was certainly

1

1  Plaintiff chose not to follow the court's instructions and apparently chose not to believe the court
2  that the answer had in fact been filed.  Whatever consequences with respect to discovery resulted
3  from plaintiff's unwillingness to follow the court's instructions or accept the court's
4  representation of the record that defendants' answer had been filed are plaintiff's to bear.
5  Discovery will not be re-opened.

6  Plaintiff requests the appointment of counsel.  The United States Supreme Court has ruled
7  that district courts lack authority to require counsel to represent indigent prisoners in § 1983
8  cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional
9  circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. §
10 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900
11 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the court does not find the required
12 exceptional circumstances.  Plaintiff's request for the appointment of counsel will therefore be
13 denied.

14 Finally, plaintiff requests that the court issue and send him subpoenas.  As plaintiff has
15 been previously informed, he must indicate whom he wishes to subpoena and why before the
16 court will issue and send him subpoenas.  Because plaintiff has not adequately complied with the
17 court's instructions,[3] his request for subpoenas will be denied.

18 This matter appears ready to proceed to trial.  Accordingly, the parties will be ordered to
19 submit pretrial statements.  Plaintiff should refer to the court's October 22, 2013 order and Local
20 Rule 281 as to the contents of pretrial statements.

21 /////
22 /////
23 /////

---

25 free to inquire further with the court or Mr. Walter if he was confused about who would be representing Singh, Cherry and Junker.

26
27 [3] For instance, he requests subpoenas for 10 "John Does."  He also seeks documents from California State Prison, Solano and the California Department of Corrections and Rehabilitation, but plaintiff fails to indicate which documents he seeks.  As for subpoenaing witnesses for trial,
28 plaintiff should refer to the court's October 22, 2013 order.

2

Accordingly, IT IS HEREBY OREDERED that:

1. All requests made by plaintiff in the document filed by him on May 5, 2014 (ECF No. 65) are denied.

2. Plaintiff shall file his pretrial statement within 30 days of this order. Failure to file a pretrial statement within 30 days will result in dismissal. Defendants shall file their pretrial statement within 14 days of service of plaintiff's.

Dated: September 24, 2014

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

[1] town2342.abs(2)