UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM TOWNSEND, JR., | No. 2:09-cv-2342 CKD P |
| Plaintiff, | |
| v. | ORDER |
| D.K. SISTO, et al., | |
| Defendants. | |

Plaintiff is a California prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C § 1983. Plaintiff alleges that the defendants were deliberately indifferent to the condition of a shower at California State Prison, Solano on December 29, 2006. ECF No. 19 at 6. Plaintiff alleges that he slipped in a shower and suffered physical injuries. Id. On February 24, 2016, the court ordered plaintiff to file an amended pretrial statement which complies with Local Rule 281. One of the requirements of Local Rule 281 is that plaintiff provide the court with a list of exhibits he expects to offer into evidence at trial. Although plaintiff has peppered the court with filings, he has thus far failed to comply with the court's order to present the court with a coherent and concise list of exhibits.

In a document filed March 17, 2016 (ECF No. 125), plaintiff provided a list of 15 proposed trial exhibits. In a document filed March 10, 2016 (ECF No 124), plaintiff pointed back to exhibits filed in this action on October 28, 2014 (ECF No. 72) and October 23, 2015 (ECF No.

1

108), identifying 32 exhibits (236 pages) in the document filed October 28, 2014, and a further 158 exhibits (1,300 pages) identified in the October 23, 2015 document.  The Court has reviewed all of plaintiff's filings and exhibits and concludes that most of the documents plaintiff identifies would be inadmissible in plaintiff's case-in-chief at trial as irrelevant, illegible, repetitive and/or hearsay.

In an effort to aid plaintiff in the efficient and effective presentation of his case at trial, the Court informs plaintiff that the only documents that will be admitted at trial will be those documents that relate directly to:  1) the conditions of the shower which caused plaintiff to fall; 2) whether defendants had knowledge of the conditions of the shower prior to his fall; 3) whether defendants had knowledge, prior to plaintiff's fall, that the conditions which caused plaintiff to fall amounted to a substantial risk of serious harm; 4) whether defendants were wanton and malicious in causing plaintiff to fall; and/or 5) injuries caused by plaintiff's fall.

The only exhibits plaintiff has thus far submitted which could conceivably be admissible are Exhibits 1 through 4 and 7 through 12, although the Court will withhold ruling on their admissibility until plaintiff has fully and completely satisfied his obligation to file a pretrial statement that complies with Local Rule 281.

Good cause appearing, IT IS HEREBY ORDERED that:

1. Exhibits 1 through 4 and 7 through 12, previously submitted, are accepted for inclusion in the Final Pretrial Order.

2. All other exhibits previously submitted are rejected.

3. Plaintiff may submit any exhibits not previously submitted,[1] and may resubmit any exhibits the Court has rejected, within 30 days, that are relevant and material to the issues to be tried (set forth above).  Exhibits which may be re-submitted for review shall include only:

---

[1] Including the 15 potential exhibits identified in the document filed by plaintiff on March 17, 2016, provided that the exhibits are relevant, material, legible, and not repetitive of other exhibits.

      A.      Documents that concern injuries suffered as a direct result of plaintiff's December 29, 2006 fall.[2]

      B.      Documents concerning medical care received for the injuries as a direct result of plaintiff's December 29, 2006 fall.

      C.      Legible documents.

4. Plaintiff shall not submit legal guides, legal research, or documents that are repetitive, illegible, or are summaries of other exhibits or testimony.

5. The total number of pages plaintiff may submit shall not exceed 100 pages.

6. If plaintiff includes several documents together in one exhibit, as he did with the documents previously identified as exhibits 1-190, they must be organized and must include an exhibit title which applies to all of the documents included in the exhibit.

7. Plaintiff's failure to substantially comply with all of the terms of this order will result in dismissal of this action for failure to follow court orders pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Dated:  June 3, 2016

_/s/ Carolyn K. Delaney_
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

---

[1] town2342.exs

[2] Documents concerning unrelated injuries or illnesses, complaints about medical treatment, and grievances about medical treatment are not relevant or material and should <u>not</u> be submitted for review.

3