UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM TOWNSEND, | No. 2:09-cv-2342 CKD P |
| Plaintiff, | |
| v. | ORDER |
| D.K. SISTO, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has requested appointment of counsel.[1] The court cannot *require* an attorney to represent a plaintiff who cannot pay for the attorney's services. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). However, under the federal in forma pauperis statute, 28 U.S.C. § 1915, the court may *request* that an attorney represent a person unable to afford counsel. 28 U.S.C. § 1915(e)(1). The court will make that request only when there are exceptional circumstances. When determining whether "exceptional circumstances" exist, the court considers, among other things, plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970

---

[1] The court previously appointed counsel for plaintiff, but plaintiff was dissatisfied and requested that he be allowed to represent himself. ECF Nos. 96 and 102. The court sees no reason to revisit the issue.

1

(9th Cir. 2009). While the court is aware of the difficulties attendant to litigating an action while incarcerated, circumstances common to most prisoners do not establish "exceptional circumstances."

In the present case, the court does not find the required exceptional circumstances. Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for appointment of counsel (ECF No. 141) is denied.

Dated: August 3, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
town2342.31